UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO

LANDIS EDWARDS, individually and
on behalf of all others similarly
situated

    Plaintiff,

v.                                    Civil Action No.

ZENIMAX MEDIA INC., a Delaware
Corporation, and BETHESDA SOFTWORKS LLC,
 a Delaware Limited Liability Company

    Defendants.

_____/

---

**DEFENDANTS' MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW**

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................ 1

THE MOTION TO DISMISS STANDARD ........................................................... 3

ARGUMENT ................................................................................................................ 4

   I.   The Complaint Does Not Allege That Defendants Are Subject To Personal
       Jurisdiction In Colorado And Should Be Dismissed Pursuant To
       Fed.R.Civ.P. 12(b)(2) ..................................................................................... 4

  II.  Plaintiff's Fraud Claims Fail To State A Claim And Should Be Dismissed
       Pursuant To Fed.R.Civ.P. 12(b)(6) ................................................................ 5

     A.   The Fraud Allegations in the Complaint do not Meet the Heightened
          Particularity Requirement of Rule 9(b). ........................................................ 6

     B.   The Alleged Misrepresentations Amount to Nothing More Than
          Non-Actionable Puffery. ................................................................................ 9

     C.   The Complaint Fails To Allege A Significant Public Injury Resulting From
          Defendants' Alleged Conduct. ..................................................................... 10

     D.   Plaintiff's Fraud By Omission Count Is Directly Contradicted By Plaintiff's
          Own Allegations. ......................................................................................... 11

  III. Plaintiff's Breach of Implied Warranty Claims Should Be Dismissed Because
       *Oblivion* Is Fit For Its Ordinary Purpose ...................................................... 13

  IV. Plaintiff's Unjust Enrichment Claim Should Be Dismissed As Duplicative .............. 15

# TABLE OF AUTHORITIES

## Cases

*Allen v. United Prop. And Constr., Inc.*, No. 07 Civ. 214, 2008 WL 4080035
(D. Colo. Sept. 3, 2008) ................................................................. 8

*Alpine Bank v. Hubbell*, 555 F.3d 1097, 1107 (10th Cir. 2009) .................................. 10

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009) ............................................. 3, 4

*Beckner v. The Consumers Trust*, No. 05 Civ. 1345, 2006 WL 618134
(D. Kan. March 9, 2006) ................................................................. 8

*Bedard v. Martin*, 100 P.3d 584 (Colo. App. 2004) .................................................... 12

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...................................................... 3

*Berenblat v. Apple, Inc.*, No. 08 Civ. 4969 2009 WL 2591366
(N.D. Cal. Aug. 21, 2009) ................................................................. 14

*Bonnano v. The Quizno's Franchise Co., LLC*, 06 Civ. 2358, 2008 WL 638367
(D. Colo. March 5, 2008) ................................................................. 11

*Elvig v. Nintendo of Am., Inc.*, No. 08 Civ. 2616, 2010 WL 3803814
(D. Colo. Sept. 23, 2010) ................................................................. 13

*Francis v. Mead Johnson & Co.*, No. 10 Civ. 701, 2010 WL 5313540
(D. Colo. Dec. 17, 2010) ................................................................. 15

*General Steel Domestic v. Chumley*, No. 10 Civ. 1398, 2011 WL 2415167
(D. Colo. June 10, 2011) ................................................................. 7, 8

*Harris Grp. v. Robinson*, 209 P.3d 1188 (Colo. App. 2009) ......................................... 15

*Hodges, M.D. v. Johnson*, 199 P.3d 1251 (Kan. 2009) ............................................. 14

*Hughes v. Panasonic Consumer Elec. Co.*, No. 10 Civ. 846, 2011 WL 2976839
(D. N.J. July 21, 2011) ................................................................. 14

*Jacobs v. Credit Suisse First Coston*, No. 11 Civ. 42, 2011 WL 4537007
(D. Colo. Sept 30, 2011) ................................................................. 8

*Johnstown Feed & Seed, Inc. v. Continental Western Ins. Co.*, 641 F. Supp. 2d 1167
(D. Colo. 2009)................................................................. 11

*Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210 (10th Cir. 2011) ........................................ 4

*Koch v. Koch Industr., Inc.*, 203 F.3d 1202 (10th Cir. 2000) .......................................................... 7

*Mayhew v. Cherry Creek Mortgage Co., Inc.*, No. 09 Civ. 219, 2010 WL 935674
    (D. Colo. March 10, 2010). ..................................................................................................... 6, 9

*Pandaw America, Inc. v. Pandaw Cruises India Pvt. Ltd.*, --- F. Supp. 2d ----,
    2012 WL 373296 (D. Colo. 2012) ........................................................................................... 4

*Pappas v. Frank Azar & Assoc., P.C.*, No. 06 Civ. 1024, 2007 WL 2683549
    (D. Colo. Sept. 7, 2007) ........................................................................................................... 10

*Park Rise Homeowners Assoc. v. Resource Const. Co.*, 155 P.3d 427
    (Colo. App. 2006) ..................................................................................................................... 9

*Rhino Listings U.S.A., Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142
    (Colo. 2003) .............................................................................................................................. 11

*Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008) ................................................................... 4

*Rocky Mountain Chipseal, LLC v. Sherman County, Kan.*, -- F. Supp. 2d ----,
    2012 WL 161826 (D. Colo. 2012) ........................................................................................... 5

*Walewski v. ZeniMax Media Inc., et al.*, Case No. 6:11-cv-1178-Orl-28DAB ......................... 1, 2

*Warner v. Ford Motor Co.*, No. 06 Civ. 2443, 2008 WL 4452338
    (D. Colo. Sept. 30, 2008) ......................................................................................................... 10

*Western Gas Processors, Ltd. v. Eron Processing Co.*, No. 87 Civ. 1472,
    1988 WL 73307 (D. Colo. July 7, 1988) ................................................................................. 6, 9

*Wisehart v. Zion Bancorporation*, 49 P.3d 1200 (Colo. App. 2002) ............................................ 12

*Wolfe v. Canyon Sudar Partners, LLC*, No. 07 Civ. 1189, 2008 WL 4752831
    (Colo. Dist. Ct. Sept. 12, 2008) ............................................................................................... 9

**Statutes**

C.R.S. § 4–2–314(1) ............................................................................................... 13

C.R.S. § 4–2–314(2)(c) .......................................................................................... 13

C.R.S. § 6-1-101, *et seq.* ......................................................................................... 5

**Rules**

D.C.COLO.LCivR 7.1 ............................................................................................... 1

Fed.R.Civ.P. 12(b)(2)............................................................................................... 1

Fed.R.Civ.P. 9(b) ............................................................................................. 1, 2, 6

Defendants ZeniMax Media Inc. ("ZeniMax") and Bethesda Softworks LLC ("Bethesda" and collectively, "Defendants"), through their counsel and pursuant to Fed.R.Civ.P. 12(b)(2), 12(b)(6), 9(b) and D.C.COLO.LCivR 7.1, hereby submit their Motion to Dismiss and Incorporated Memorandum of Law and respectfully request that this Court enter an order dismissing Plaintiff Landis Edwards' ("Plaintiff") Complaint And Jury Demand ("Complaint") in its entirety.  In support of their Motion, Defendants state as follows:

## INTRODUCTION

This case is Plaintiff's counsel's second futile attempt to allege a class action complaint against Defendants related to *The Elder Scrolls IV: Oblivion*® ("*Oblivion*"), a widely known and successful role playing video within the Defendants' *Elder Scrolls* series.[1]  *Oblivion* was first released in 2006 to immediate, worldwide critical acclaim and has won numerous major video game industry awards and honors, including the 2006 Ultimate Game of the Year by the People's Gaming Awards and the PC Game of the Year award from IGN, GameSpy, GameSpot, and Interactive Achievement Awards.  (Compl. at ¶ 8.)  *Oblivion* remains one of the highest rated video games of all time as measured by game rating consensus websites MetaCritic.com and GameRankings.com, both of which scored *Oblivion* approximately 94 out of a possible 100.  Although released nearly six years ago, *Oblivion* and its subsequent versions and editions continue to have a large, global fan base.  The most recent version of *Oblivion*, the 5th Anniversary Edition, was released on July 12, 2011.  (Compl. at ¶ 37.)

---

[1] On January 30, 2012, Magistrate Judge Baker of the United States District Court for the Middle District of Florida issued a Report and Recommendation denying plaintiff's motion for class certification and dismissing plaintiff's complaint for failure to state a claim in the related case of *Walewski v. ZeniMax Media Inc., et al.*, Case No. 6:11-cv-1178-Orl-28DAB ("*Walewski*").

Plaintiff, like his predecessor plaintiff in *Walewski*, now seeks through Plaintiff's counsel to exploit Defendants' years of *Oblivion* product development and significant sales by demanding "complete disgorgement of all revenue derived from sales of the *Oblivion* video game and each of its editions." (Compl. at Prayer for Relief ¶ 5.) The Complaint, without citation, makes only vague allegations that Defendants misrepresented "the scope, longevity and nature of the gameplay." (Compl. at ¶ 43.) The Complaint further alleges that *Oblivion* contains an alleged "Animation Defect" – an alleged "glitch" that Plaintiff claims: (i) purportedly occurred after Plaintiff played *Oblivion* with a single character for "approximately 200 hours of gameplay" (Compl. at ¶¶ 23, 48); and (ii) did not disable the game nor prevent Plaintiff from utilizing other save games, but rather required only that Plaintiff "restart the game with an entirely new character." (Compl. at ¶ 25.)

Plaintiff's Complaint fails to set forth even a single fact demonstrating that Defendants are subject to personal jurisdiction in Colorado and should be dismissed for this reason alone. The Complaint further fails to state any claim upon which relief can be granted and should be dismissed for at least the following six reasons. First, the Complaint fails to set forth any specific misrepresentations or omissions with the requisite particularity under Fed.R.Civ.P. 9(b) and fails to particularly identify any specific misrepresentation or omission that actually misled Plaintiff. Second, the only vaguely alleged misrepresentations of Defendants – (i) an unattributed alleged "online description" in which *Oblivion* is described as "open-ended," and (ii) an instruction manual stating that *Oblivion's* creators sought "to create a game that offers unlimited possibilities" (Compl. at ¶¶ 12, 14) – fall far short of actionable misrepresentation and

amount to nothing more than non-actionable puffery.[2]  Third, the Complaint does not allege that

Defendants' alleged wrongful conduct has had any impact on the public as a whole and fails the

"significant impact" requirement of the Colorado's Consumer Protection Act.  Fourth, Plaintiff's

claim that Defendants purposefully concealed the existence of the Animation Defect is itself

directly refuted by the Complaint's allegation that Defendants notified their customers through

an online public forum that Defendants purportedly were aware of and investigating the alleged

Animation Defect.  Fifth, the allegation that *Oblivion* is not merchantable as a result of the

alleged Animation Defect fails to state a claim because the alleged defect is not alleged to render

the game inoperable – to the contrary, the Complaint alleges that a player may simply restart the

game with a new character – and thus the game remains fit for its ordinary purpose.  Sixth,

Plaintiff's unjust enrichment claim is duplicative of Plaintiff's fraud claims and breach of

implied warranty of merchantability claim and therefore should be dismissed.

## THE MOTION TO DISMISS STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)).  In evaluating whether a complaint sets forth sufficient factual allegations, the Supreme

Court has clarified "that 'the tenet that a court must accept as true all of the allegations contained

in a complaint is inapplicable to legal conclusions'" and further "held that 'where the well-

pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

---

[2] The Complaint further refers to the additional terms "free-form" and "sandbox" and claims
Defendants promoted "expansive, open-ended, unlimited gameplay."  (Compl. ¶¶ 15, 66.)  But
the Complaint fails to attribute any these statements to Defendants with particularity.  These
unattributed terms are mere attorney argument and are violative of Rule 9(b), as detailed *infra*.

3

complaint has alleged – but it has not shown – that the pleader is entitled to relief.'"  *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (*quoting Iqbal* at 1950; *Twombly* at 570).  Mere "'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."  *Id.* (*quoting Twombly* at 555).  In this context, the "plausibility" standard "must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible'" and the complaint must be dismissed.  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (*quoting Iqbal* at 1974).

## ARGUMENT

I.    **The Complaint Does Not Allege That Defendants Are Subject To Personal Jurisdiction In Colorado And Should Be Dismissed Pursuant To Fed.R.Civ.P. 12(b)(2)**

Plaintiff's Complaint fails to allege even a single fact demonstrating that Defendants are subject to personal jurisdiction in Colorado and should be dismissed for this reason alone. Plaintiff "bear[s] the burden of establishing personal jurisdiction over all of the Defendants." *Pandaw America, Inc. v. Pandaw Cruises India Pvt. Ltd.*, --- F. Supp. 2d ----, 2012 WL 373296, at *1 (D. Colo. 2012) (granting motion to dismiss for lack of personal jurisdiction where plaintiffs "failed to show that Defendants have sufficient minimum contacts with Colorado").  To satisfy his burden, Plaintiff must plead and prove that Defendants maintained either: (i) continuous and systematic contacts with Colorado sufficient to establish general jurisdiction; or (ii) sufficient minimum contacts with Colorado to establish specific jurisdiction.  *Rocky Mountain Chipseal, LLC v. Sherman County, Kan.*, --- F. Supp. 2d ----, 2012 WL 161826, at *2-

4 (D. Colo. 2012) (granting motion to dismiss where defendants lacked "both minimum contacts and continuous and systematic contacts with Colorado"). The Complaint fails to allege any facts in support of either general or specific jurisdiction.

The Complaint alleges only that ZeniMax is a Delaware corporation with a principal place of business in Rockville, Maryland and that Bethesda is a Delaware limited liability corporation with a principal place of business in Rockville, Maryland. (Compl. at ¶¶ 4, 5.) The Complaint does not allege that either ZeniMax or Bethesda maintained any "'continuous and systematic' general business contacts" in Colorado and does not purport to establish general jurisdiction over Defendants in Colorado. *Rocky Mountain Chipseal*, 2012 WL 161826 at *6 (plaintiff failed to meet its "high burden" to establish general jurisdiction where the complaint "allege[d] no facts establishing [the requisite] level of intimacy and activity between [defendant] and Colorado"). Plaintiff instead incongruously attempts to establish specific jurisdiction by a single unspecified allegation that "Defendant transacts business in **Florida** and throughout the country." (Compl. at ¶ 5 (emphasis added).) Nowhere in the Complaint does Plaintiff allege that Defendants maintain any contacts with the State of Colorado or that either Defendant transacted business in or purposefully directed its activities toward Colorado such that specific personal jurisdiction over each Defendant is proper. *Id.* The Complaint accordingly fails to allege that Defendants are subject to personal jurisdiction in Colorado and should be dismissed. *Id.*

## II.    Plaintiff's Fraud Claims Fail To State A Claim And Should Be Dismissed Pursuant To Fed.R.Civ.P. 12(b)(6)

Plaintiff's First Claim For Relief for Violation of Colorado's Consumer Protection Act, C.R.S. § 6-1-101, *et seq.* ("CCPA") and Third Claim For Relief for Fraudulent Omission fail to state a claim and should be dismissed for at least the following four reasons: (i) the Complaint

fails to set forth any specific misrepresentation(s) and/or omission(s) by Defendants with the requisite specificity under Fed.R.Civ.P. 9(b); (ii) the only alleged misrepresentations purportedly made by Defendants alluded to in the Complaint are impermissibly vague and constitute merely non-actionable puffery; (iii) the Complaint fails to allege a significant public impact resulting from Defendants' alleged conduct as required under the CCPA; and (iv) Plaintiff's fraud by omission claim is directly contradicted by the allegations set forth in the Complaint.

### A.     The Fraud Allegations in the Complaint do not Meet the Heightened Particularity Requirement of Rule 9(b).

Plaintiff's Complaint is based only on the vague allegations of unidentified misrepresentations and omissions by Defendants and should be dismissed because it fails to allege the claimed misrepresentations and omissions with the requisite particularity under Fed.R.Civ.P. 9(b).  Claims of fraud and for "false representations allegedly made in violation of the CCPA must be pled with particularity pursuant to Fed.R.Civ.P. 9(b)." *Mayhew v. Cherry Creek Mortgage Co., Inc.*, No. 09 Civ. 219, 2010 WL 935674, at *14 (D. Colo. March 10, 2010) (granting motion to dismiss CCPA count pursuant to Fed.R.Civ.P. 9(b)).  "Rule 9(b) serves to minimize 'strike suits,' which are claims brought not to redress real wrongs, but to take advantage of their nuisance or in terrorem value." *Western Gas Processors, Ltd. v. Eron Processing Co.*, No. 87 Civ. 1472, 1988 WL 73307, at *5 (D. Colo. July 7, 1988) (internal quotations and citations omitted) (granting motion to dismiss where complaint "contain[ed] absolutely no references to specific individuals, occasions, or misstatements" and instead "merely states in general and unartful terms that someone at Western at some time made some statement to someone").  Accordingly, "[t]he Tenth Circuit 'requires a complaint alleging fraud to set forth [i] the time, place and contents of the false representation, [ii] the identity of the party

making the false statements and [iii] the consequences thereof. '"  *General Steel Domestic v. Chumley*, No. 10 Civ. 1398, 2011 WL 2415167, at *4 (D. Colo. June 10, 2011) (*quoting Koch v. Koch Industr., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000)) (granting  motion to dismiss "[b]ecause Armstrong failed to specifically allege the who, when, where, and how of the statements underlying its CCPA claim").

The Complaint's vague allegations of purported misrepresentations and omissions by Defendants wholly fail to identify the time, place and person responsible for the statement(s), the manner in which Plaintiff was misled, and the precise misrepresentation or omission that purportedly misled Plaintiff.  The Complaint alleges only two "example[s]" of misrepresentations, both of which fail the heightened pleading standard of Rule 9(b): (i) "Defendants described the *Oblivion* video game in an online advertisement" in which Defendants purportedly represented that *Oblivion* offered "open-ended game play" (Compl. at ¶ 12;) and (ii) "the instruction manual for the *Oblivion Game of the Year Edition*" allegedly states: "With Elder Scrolls, our goal has always been to create a game that offers unlimited possibilities."[3]  (Compl. at ¶ 14.)  But nowhere in the Complaint does Plaintiff allege when these statements were made, or by whom.  (Compl. at ¶¶ 12, 14.)

Courts in this District routinely dismiss such threadbare fraud counts pursuant to Rule 9(b) – particularly where, as here, the plaintiff has failed to attribute an alleged misrepresentation to one of various Defendants.  *Mayhew*, 2010 WL 935674, at *14 (dismissing CCPA count where plaintiff failed to allege "what, if any, acts by any of the Defendants constituted a

---

[3] Plaintiff's Complaint offers no explanation for the incongruous claim that a statement contained in the instruction manual of the game – which is read after the game is purchased and the software box is opened – somehow misled Plaintiff prior to his purchase of *Oblivion*.

deceptive trade practice"); *General Steel Domestic*, 2011 WL 2415167, at *4 (granting motion to dismiss because the counter-plaintiff failed "to identify who made the [allegedly fraudulent] statements . . . where they made them" or "the date" these statements were made); *see also, Beckner v. The Consumers Trust*, No. 05 Civ. 1345, 2006 WL 618134, at *2 (D. Kan. March 9, 2006) ("[w]hen a complaint alleging fraudulent conduct contains multiple defendants, a plaintiff must specify, with particularity, which defendant is responsible for which fraudulent act"); *Jacobs v. Credit Suisse First Coston*, No. 11 Civ. 42, 2011 WL 4537007, at *2-4 (D. Colo. Sept 30, 2011) (dismissing plaintiff's fraud claims for failure to specifically delineate the alleged misrepresentations communicated by each defendant).  Plaintiff's failure to allege any purported misrepresentation with specificity – including Plaintiff's failure to identify which Defendant purportedly made the misrepresentation – is fatal.  Plaintiff's fraud counts should be dismissed for this reason alone.

Plaintiff's Complaint further fails to allege that a specific misrepresentation or omission that misled him.  Instead, the Complaint only vaguely alleges that before purchasing *Oblivion*, "Plaintiff viewed Defendants' online and print advertisements and representations[.]"  (Compl. at ¶ 43;) *Allen v. United Prop. And Constr., Inc.*, No. 07 Civ. 214, 2008 WL 4080035, at *13 (D. Colo. Sept. 3, 2008) (dismissing plaintiff's fraud claims which did "not allege how or when [defendant] made representations to [the plaintiff] Mr. Allen or describe the content of those representations").  Finally, the Complaint fails to properly set forth with specificity "the number of consumers directly affected by the challenged practice or that anyone was falsely misled" and instead only vaguely alleges that an unidentified number of "consumers" have experienced "technical issues" with *Oblivion* other than the Animation Defect.  (Compl. at ¶¶ 22, 52;)

*Mayhew*, 2010 WL 935674, at *14 (dismissing a complaint for failure to allege "the number of consumers directly affected by the challenged practice"). These conclusory allegations are insufficient under Rule 9(b) and independently warrant dismissal of Plaintiff's fraud counts. *See*, *e.g.*, *Western Gas Processors*, 1988 WL 73307, at *5 (dismissing the counterclaim under Rule 9(b) for failure to plead "specific individuals, occasions or misstatements").

**B.      The Alleged Misrepresentations Amount to Nothing More Than Non-Actionable Puffery.**

The crux of Plaintiff's fraud claims is the allegation that Defendants' two vaguely alleged misrepresentations – (i) that *Oblivion* offered "open-ended game play" (Compl. at ¶ 12); and (ii) the instruction manual statement that the goal of *Oblivion's* creators was "to create a game that offers unlimited possibilities" (Compl. at ¶ 14) – misled Plaintiff regarding the scope and content of the game. (Compl. at ¶ 43.) These alleged misrepresentations are nothing more than puffery.

A seller has "right to exalt the value or quality of their own property to the highest point credulity will bear." *Park Rise Homeowners Assoc. v. Resource Const. Co.*, 155 P.3d 427, 435 (Colo. App. 2006) (internal quotations and citations omitted). "[A] statement of opinion, the meaning of which would depend on the speaker's frame of reference . . . is not a specific representation of fact subject to measure or calibration" and is not actionable under the CCPA or common law fraud. *Id.* (holding that a statement about "quality construction" was mere puffery and not actionable under the CCPA). A fraud claim accordingly cannot be premised on "subjective representations," as opposed to objective "quantifiable claims." *Wolfe v. Canyon Sudar Partners, LLC*, No. 07 Civ. 1189, 2008 WL 4752831 (Colo. Dist. Ct. Sept. 12, 2008).

The terms 'open-ended' and "unlimited possibilities" do not provide any objective "quantifiable claims" regarding the number of hours a user can play *Oblivion* using a single

character or otherwise attribute a specific quantifiable quality to *Oblivion*.  (Compl. at ¶¶ 12-14.)

These terms are merely the opinions of the sellers of *Oblivion* regarding the player choice

involved and non-linear nature of the gameplay, not misrepresentations of fact on which a proper

cause of action may be based.[4]  *Warner v. Ford Motor Co.*, No. 06 Civ. 2443, 2008 WL

4452338, at *9 (D. Colo. Sept. 30, 2008) (advertising slogans "Quality is Job 1" and "Built Ford

Tough" are not actionable under the CCPA because they are not "specific representation[s] of

fact subject to measure"); *Pappas v. Frank Azar & Assoc., P.C.*, No. 06 Civ. 1024, 2007 WL

2683549, at *5 (D. Colo. Sept. 7, 2007) (attorney's advertisements promising to "work hard," to

get his clients "every dollar they deserve," and to get "as much as I can as fast as I can"

constitute puffery and are not actionable under the CCPA).  These statements can amount to

nothing more than non-actionable puffery and Plaintiff's fraud claims should be dismissed.

*Alpine Bank v. Hubbell*, 555 F.3d 1097, 1107, 1112-1113 (10th Cir. 2009) (plaintiff's CCPA

claims fail because "mass advertising expressed in vague terms . . . is not relied on by rational

adults" and constitutes non-actionable puffery).

**C.**     **The Complaint Fails To Allege A Significant Public Injury Resulting From Defendants' Alleged Conduct.**

To plead an actionable claim under the CCPA, Plaintiff must allege "not only that the

defendant engaged in a deceptive trade practice, but also that the defendant's challenged practice

significantly impacts the public as actual or potential consumers of the defendant's goods,

services, or property."  *Bonnano v. The Quizno's Franchise Co., LLC*, 06 Civ. 2358, 2008 WL

---

[4] These statements also are not misleading.  The terms "open-ended" and "open-world" mean that a player is not required to experience the game linearly through a single character or quest line that terminates at the conclusion of that quest line.  Because the game does not require a linear progression, players are free "to play creatively, free of artificial structural constraints." (Compl. ¶ 14.)

638367, at *4 (D. Colo. March 5, 2008).   The Complaint does not allege that any *Oblivion* purchaser other than Plaintiff experienced the alleged Animation Defect.   The Complaint merely alleges that an unidentified number of "consumers" experienced "technical issues affecting the performance" of *Oblivion* – such as "slowing of gameplay," "screen 'freezes'," and "more serious problems that permanently shut down the game" (Compl. at ¶ 22) – and separately alleges that *Oblivion* "suffers" from an alleged Animation Defect which Plaintiff claims to have experienced after an inordinate 200 hours of gameplay using a single character.  (Compl. at ¶ 23.)

Plaintiff's failure to identify any other consumers that have experienced the alleged Animation Defect among the "millions" of *Oblivion* purchasers warrants dismissal of his CCPA claim.  The purported existence of the alleged Animation Defect in the *Oblivion* video game – which allegedly manifested only after Plaintiff's excessive use of the game (Compl. at ¶ 48) – does not affect the public.  *Rhino Listings U.S.A., Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 149 (Colo. 2003) (allegedly deceptive act which effected "3 dealers out of 550 nationwide" was "private in nature," did "not affect the public," and was "not actionable under the CCPA"); *Johnstown Feed & Seed, Inc. v. Continental Western Ins. Co.*, 641 F. Supp. 2d 1167, 1180 (D. Colo. 2009) (plaintiff's CCPA claim fails as a matter of law because the alleged deceptive practice which affected 200 of an insurer's 20,000 policy holders "was insufficient to show public impact").

### D.   Plaintiff's Fraud By Omission Count Is Directly Contradicted By Plaintiff's Own Allegations.

Plaintiff's fraud by omission claim must be dismissed given the Complaint's allegation that Defendants – nearly five years ago – notified their customers through an online public forum

that Defendants purportedly were aware of and investigating the alleged Animation Defect. (Compl. at ¶ 33.)  To establish a fraud by omission claim, Plaintiff must establish that Defendants "***failed to disclose*** a past or present fact that he or she had a duty to disclose, with intent to induce the plaintiff to take a course of action he or she would not otherwise have taken, and that plaintiff ***justifiably relied*** on the omission."  *Wisehart v. Zion Bancorporation*, 49 P.3d 1200, 1204 (Colo. App. 2002) (emphasis added).

The Complaint's fraud by omission count alleges that "Defendant [sic] concealed from and failed to disclose to Plaintiff and the Class the existence of the Animation defect, and their inability or unwillingness to remedy the Animation Defect once consumers purchased the *Oblivion* video game"  (Compl. at ¶ 77.)  This formulaic recitation of the legal elements of Plaintiff's fraud by omission count is directly contradicted by the Complaint's incongruous allegation that "in or around March 2007," Defendants "admitted their knowledge of the Animation Defect on Bethesda's [online] forums" and notified their customers of Defendants' investigation into the alleged Animation Defect.  (Compl. at ¶¶ 33-35.)

The Complaint's contrary allegation that Defendants publicly recognized the alleged Animation Defect further precludes Plaintiff from claiming that he justifiably relied on any omission regarding this Defect when purchasing *Oblivion*.  *Bedard v. Martin*, 100 P.3d 584, 592 (Colo. App. 2004) (holding that plaintiff's fraud claim fails as a matter of law because "[i]f the plaintiff has access to information that was equally available to both parties and would have led to discovery of the true facts, he has no right to rely upon the [defendant's] misrepresentation").  Plaintiff's fraud by omission claim accordingly should be dismissed because Plaintiff's own allegations preclude Plaintiff from establishing: (i) that Defendants failed to disclose the alleged

12

Animation Defect, and (ii) that Plaintiff justifiably relied on any purported non-disclosure or omission to his detriment.

**III.    Plaintiff's Breach of Implied Warranty Claims Should Be Dismissed Because *Oblivion* Is Fit For Its Ordinary Purpose**

Plaintiff cannot plead a cause of action for breach of implied warranty of merchantability claim because the Complaint's allegations state that *Oblivion* is fit for its ordinary purpose even assuming the alleged Animation Defect manifests as alleged in the Complaint.  Under C.R.S. § 4–2–314(1) "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind."  C.R.S. § 4–2–314(1).  "In this context, 'merchantability' means that the goods 'are fit for the ordinary purposes for which such goods are used.'"  *Elvig v. Nintendo of Am., Inc.*, No. 08 Civ. 2616, 2010 WL 3803814, at *5 (D. Colo. Sept. 23, 2010) (*quoting* C.R.S. § 4–2–314(2)(c)).  To properly plead his claim for breach of an implied warranty of merchantability, Plaintiff must allege facts sufficient to demonstrate that the alleged Animation Defect renders *Oblivion* unfit for its ordinary purpose.  *Id*.  The allegations of the Complaint actually state that *Oblivion* is fit for its ordinary purpose and therefore merchantable, and this count should be dismissed.

Plaintiff attempts to claim that *Oblivion* is not fit for its "intended use" because he allegedly was "forced to abandon his saved game" after 200 hours of gameplay using a single game character.  (Compl. at ¶¶ 48-50, 72 (emphasis added).)  Even assuming these allegations to be true, *Oblivion* remains functional and Plaintiff can still play the game – he merely must do so with a new character.  (Compl. at ¶ 25 (alleging that the player may, at his or her "option," "restart the game with an entirely new character").)  Courts across the country have consistently held that an implied warrant of merchantability does not "'impose a general requirement that

13

goods fulfill the expectation of the buyer'" but instead "'provides for a minimum level of quality'" limited to the product's "mere functionality." *Hughes v. Panasonic Consumer Elec. Co.*, No. 10 Civ. 846, 2011 WL 2976839, at \*\*22-23 (D. N.J. July 21, 2011) (*quoting Berenblat v. Apple, Inc.*, No. 08 Civ. 4969, 2009 WL 2591366, at \*2 (N.D. Cal. Aug. 21, 2009)); *Hodges, M.D. v. Johnson*, 199 P.3d 1251, 1258 (Kan. 2009) (same); *Carlson v. General Motors Corp.*, 883 F.2d 287, 297 (4th Cir. 1989) ("[t]he implied warranty of merchantability does not impose a general requirement that the goods precisely fulfill the expectations of the buyer"). In *Hughes*, the Court granted defendant's Rule 12(b)(6) motion to dismiss plaintiffs' claim that defendant breached its implied warranty of merchantability because its televisions suffered a defect which caused their picture quality to rapidly deteriorate. 2011 WL 2966839, at \*23. The *Hughes* Court held that:

> While plaintiffs allege that the Televisions are defective, plaintiffs do not allege that the Televisions are inoperable or otherwise are not in working condition. Indeed, the Amended Complaint does not contain any explicit allegation that plaintiffs ***can no longer use their Televisions*** – in other words, that they are no longer generally fit for their ordinary purpose. Although the Televisions may not have fulfilled plaintiffs' expectations, plaintiffs do not allege that the Televisions fail to provide a minimum level of quality, which is all that the law requires.

*Id.* (emphasis added) (internal citation omitted).

Plaintiff similarly does not allege in his Complaint that his copy of *Oblivion* is "inoperable" or that he "can no longer use" the game. *Id.* To the contrary, the Complaint alleges that Plaintiff can continue to play *Oblivion* with a new character. (Compl. at ¶ 25.) Because the alleged Animation Defect does not render *Oblivion* inoperable or unfit for its ordinary purpose, Plaintiff's breach of implied warranty of merchantability claim should be dismissed.

**IV.      Plaintiff's Unjust Enrichment Claim Should Be Dismissed As Duplicative**

The unjust enrichment claim set forth in the Complaint seeks identical damages resulting from the same alleged wrongful conduct as those sought under the other three claims for relief.  Accordingly, Plaintiff's unjust enrichment claim is duplicative of the fraud claims and breach of implied warranty of merchantability claim and should be dismissed. *Francis v. Mead Johnson & Co.*, No. 10 Civ. 701, 2010 WL 5313540, at *9 (D. Colo. Dec. 17, 2010) (unjust enrichment claim dismissed because the plaintiff's unjust enrichment claims sought the same damages for the same alleged wrongful conduct as that sought in her CCPA claim) (*citing Harris Grp. v. Robinson*, 209 P.3d 1188, 1205-06 (Colo. App. 2009) (as an equitable remedy, unjust enrichment is not available where there is a "plain, speedy, and adequate remedy at law")).

## CONCLUSION

For at least the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiff's Complaint And Jury Demand in its entirety.

Dated: February 15, 2012

Respectfully submitted,

s/ John T. Williams
HINKHOUSE WILLIAMS WALSH LLP
John T. Williams
Jason H. Nash
180 N. Stetson Avenue, Suite 3400
Chicago, Illinois  60601
Telephone: (312) 784-5400
Facsimile: (312) 784-5499
jwilliams@hww-law.com
jnash@hww-law.com

George H. Parker
THE LAW OFFICE OF GEORGE H. PARKER
1801 Broadway, Ste. 1500
Denver, Colorado 80202
Telephone: (303) 291-7904
Facsimile: (303) 291-7977
george.parker@zurichna.com

***Attorneys For Defendants ZeniMax Media Inc.
and Bethesda Softworks LLC***

16

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Motion to Dismiss and Incorporated Memorandum of Law was served upon the following counsel of record by U.S. Mail, postage prepaid, on February 15, 2012:

Steven L. Woodrow
Edelson Mcguire LLC
999 W. 18th Street, Suite 3000
Denver, Colorado 80202

**Attorney for Plaintiff**

s/ George H. Parker
HINKHOUSE WILLIAMS WALSH LLP
John T. Williams
Jason H. Nash
180 N. Stetson Avenue, Suite 3400
Chicago, Illinois  60601
Telephone: (312) 784-5400
Facsimile: (312) 784-5499
jwilliams@hww-law.com
jnash@hww-law.com

George H. Parker
THE LAW OFFICE OF GEORGE H. PARKER
1801 Broadway, Ste. 1500
Denver, Colorado 80202
Telephone: (303) 291-7904
Facsimile: (303) 291-7977
george.parker@zurichna.com

**Attorneys For Defendants ZeniMax Media Inc.
and Bethesda Softworks LLC**

4822-8124-3662, v. 1

17