UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO

LANDIS EDWARDS, individually and
on behalf of all others similarly
situated

    Plaintiff,

v.                                                  Civil Action No.

ZENIMAX MEDIA INC., a Delaware
Corporation, and BETHESDA SOFTWORKS LLC,
a Delaware Limited Liability Company

    Defendants.
_____/

**DEFENDANTS' NOTICE OF REMOVAL AND INCORPORATED MEMORANDUM OF LAW**

PLEASE TAKE NOTICE that Defendants ZeniMax Media Inc. ("ZeniMax") and Bethesda Softworks LLC ("Bethesda" and collectively, "Defendants"), through their counsel and pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441 and 28 U.S.C. § 1446, hereby submit their Notice of Removal. As grounds for removal, Defendants state as follows:

1. On January 5, 2012, Plaintiff Landis Edwards ("Plaintiff"), individually and allegedly on behalf of all persons similarly situated within the State of Colorado, filed a Complaint and Jury Demand entitled *Edwards v. ZeniMax Media Inc., et al.*, in the State of Colorado Denver County District Court ("Complaint").

2. The summons and Complaint were served on Defendants on January 25, 2012. This removal is timely pursuant to 28 U.S.C. § 1446(b). In accordance with 28 U.S.C. § 1446(a), a true and correct copy of Plaintiff's summons, civil case cover sheet and Complaint

served on Defendant ZeniMax Media Inc. is attached hereto as Exhibit A and a true and correct copy of Plaintiff's summons, civil case cover sheet and Complaint served on Defendant Bethesda Softworks LLC is attached hereto as Exhibit B.

3.  Plaintiff's Complaint alleges a class action, as defined in 28 U.S.C. § 1332(d)(1)(B), under Colorado state law "on behalf of himself and a Class of similarly situated individuals[.]" (Compl. at ¶ 52.)  This Court has original subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) because: (i) at least one member of the putative class is a citizen of a state different from any defendant; (ii) the amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (iii) none of the exceptions under that subjection apply to the instant action.

4.  Plaintiff is a citizen of the State of Colorado. (Compl. at ¶ 3.)  ZeniMax is a Delaware corporation with a principal place of business in Rockville, Maryland. (Compl. at ¶ 4.)  Bethesda is a Delaware limited liability corporation with a principal place of business in Rockville, Maryland. (Compl. ¶ 5.)  Defendants are not citizens of Colorado and the parties are diverse.  28 U.S.C. § 1332(c)(1) (for purposes of diversity, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business").

5.  The amount in controversy exceeds $5 million, exclusive of interest and costs. Plaintiff alleges that "the Class consists of millions of members[,]" each of whom allegedly "purchased any version" of the video game *The Elder Scrolls IV: Oblivion*®. (Compl. at ¶¶ 52-53 (emphasis added).)  Plaintiff, on behalf of the alleged "millions" of members of the alleged class, seeks recovery of "damages in the form of **monies paid to purchase** the *Oblivion* video

game," *inter alia*. (*See* Compl. at ¶¶ 67, 73, 81 (emphasis added).) The calculation of "monies paid to purchase the *Oblivion* video game," made by multiplying the price at which the game was purchased by the alleged "millions" of purchasers (Compl. at ¶ 53), establishes that the amount in controversy exceeds $5 million.

6.   With regard to price, Plaintiff alleges that he purchased *The Elder Scrolls IV: Oblivion® Game of the Year Edition* for the PlayStation 3 video game console at a GameStop retail store in February 2010. (Compl. at ¶ 42.) *The Elder Scrolls IV: Oblivion® Game of the Year Edition* for the PlayStation 3 video game console is sold at GameStop retail stores for $19.99 for a new version and $17.99 for a pre-owned version. (*See* Exhibit C, Declaration of Jason H. Nash in Support of Defendants' Notice of Removal ("Nash Decl.") at ¶ 3, Ex. 1, website printout from GameStop.com dated February 9, 2012 offering *The Elder Scrolls IV: Oblivion® Game of the Year Edition* for sale.)

7.   The alleged class definition includes all purchasers of all versions *The Elder Scrolls IV: Oblivion®* on all platforms and does not distinguish between purchasers that bought the game new and purchasers that bought a pre-owned game. Notwithstanding, based on merely one million purchasers (*see* Compl. at ¶ 53) at the lowest available retail purchase price of $17.99 for a pre-owned version of the game, the alleged class in the Complaint claims damages in the form of "monies paid to purchase the *Oblivion* video game" in an amount that would total a minimum of $17,990,000.

8.   Plaintiff further seeks recovery of "complete disgorgement of **all revenue** derived from sales of the *Oblivion* video game and each of its editions." (*See* Compl. at Prayer for Relief

¶ 5 (emphasis added).)  The calculation of "all revenue," made by multiplying the retail price by the number of units sold, further establishes that the amount in controversy exceeds $5 million.

9. When *Oblivion* was released on March 20, 2006, the initial retail price for the standard edition of the game was $59.99.  (*See* Nash Decl. at ¶ 4, Ex. 2, joystiq.com article dated March 2, 2006 entitled "Oblivion release imminent – March 20 (it's official)" announcing the list price of $59.99 for the standard edition of *Oblivion*.)

10. Over 1.7 million units of *Oblivion* were shipped within the first month of the game's release.  (*See* Nash Decl. at ¶ 5, Ex. 3, press release of Take-Two Interactive Software, Inc. dated April 10, 2006, announcing that shipments of *The Elder Scrolls IV: Oblivion*® video game for the PC and Xbox 360 platforms exceeded 1.7 million units as of even April 10, 2006.)

11. Based on 1.7 million units sold into retail in the first month of the game's release alone at the initial retail price of $59.99, the alleged class in the Complaint claims damages in the form of "all revenues" in an amount that would total $101,983,000.00 from March 20, 2006 to April 10, 2006 alone.

12. Because diversity exists, the amount in controversy exceeds $5 million (both as described above), and no exception applies to this Court's jurisdiction over the above-captioned class action under 28 U.S.C. § 1332(d), this Court has jurisdiction over this matter under the Class Action Fairness Act of 2005.

13. Pursuant to 28 U.S.C. § 1446(d), Defendants promptly will provide written notice of removal of the action to Plaintiff and promptly will file a copy of this Notice of Removal with the Clerk of the District Court, City and County of Denver, Colorado.

WHEREFORE, the above-entitled action is hereby removed from the State of Colorado Denver County District Court to the United States District Court for the District of Colorado.

Dated: February 15, 2012　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　s/ John T. Williams_____
　　　　　　　　　　　　　　　　　　　HINKHOUSE WILLIAMS WALSH LLP
　　　　　　　　　　　　　　　　　　　John T. Williams
　　　　　　　　　　　　　　　　　　　Jason H. Nash
　　　　　　　　　　　　　　　　　　　180 N. Stetson Avenue, Suite 3400
　　　　　　　　　　　　　　　　　　　Chicago, Illinois  60601
　　　　　　　　　　　　　　　　　　　Telephone: (312) 784-5400
　　　　　　　　　　　　　　　　　　　Facsimile: (312) 784-5499
　　　　　　　　　　　　　　　　　　　jwilliams@hww-law.com
　　　　　　　　　　　　　　　　　　　jnash@hww-law.com

　　　　　　　　　　　　　　　　　　　George H. Parker
　　　　　　　　　　　　　　　　　　　THE LAW OFFICE OF GEORGE H. PARKER
　　　　　　　　　　　　　　　　　　　1801 Broadway, Ste. 1500
　　　　　　　　　　　　　　　　　　　Denver, Colorado 80202
　　　　　　　　　　　　　　　　　　　Telephone: (303) 291-7904
　　　　　　　　　　　　　　　　　　　Facsimile: (303) 291-7977
　　　　　　　　　　　　　　　　　　　george.parker@zurichna.com

　　　　　　　　　　　　　　　　　　　***Attorneys For Defendants ZeniMax Media Inc. and Bethesda Softworks LLC***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Defendants' Notice of Removal and Incorporated Memorandum of Law was served upon the following counsel of record by U.S. Mail, postage prepaid, on February 15, 2012.

    Steven L. Woodrow
    Edelson Mcguire LLC
    999 W. 18th Street, Suite 3000
    Denver, Colorado 80202

    *Attorney for Plaintiff*

    s/ George H. Parker
    HINKHOUSE WILLIAMS WALSH LLP
    John T. Williams
    Jason H. Nash
    180 N. Stetson Avenue, Suite 3400
    Chicago, Illinois  60601
    Telephone: (312) 784-5400
    Facsimile: (312) 784-5499
    jwilliams@hww-law.com
    jnash@hww-law.com

    George H. Parker
    THE LAW OFFICE OF GEORGE H. PARKER
    1801 Broadway, Ste. 1500
    Denver, Colorado 80202
    Telephone: (303) 291-7904
    Facsimile: (303) 291-7977
    george.parker@zurichna.com

    *Attorneys For Defendants ZeniMax Media Inc. and Bethesda Softworks LLC*

4813-0691-8414, v.  2