UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO

Civil Action No. 1:12-cv-00411-WYK-KLM

LANDIS EDWARDS, individually and on behalf of all others similarly situated

    Plaintiff,

v.

ZENIMAX MEDIA INC., a Delaware Corporation, and
BETHESDA SOFTWORKS LLC, a Delaware Limited Liability Company

    Defendants.

_____/

---

### DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S CLASS ALLEGATIONS AND INCORPORATED MEMORANDUM OF LAW

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................. 1

CLASS CERTFICATION WAS DENIED IN  THE RELATED
    *WALEWSKI v. ZENIMAX MEDIA INC.* CASE ........................................................ 2

THE ALLEGATIONS OF PLAINTIFF'S COMPLAINT ARE IDENTICAL
    IN ALL RELEVANT RESPECTS TO THE *WALEWSKI* COMPLAINT ................. 5

THE STANDARD ON A MOTION TO STRIKE CLASS ALLEGATIONS ......................... 7

ARGUMENT ................................................................................................................. 9

    I.  The Principles Of Comity Mandate Striking Plaintiff's Class Allegations ........... 9

    II. Plaintiff's Complaint Fails To Allege An Ascertainable Class ............................ 10

CONCLUSION ............................................................................................................ 15

LOCAL RULE 7.1(A) CERTIFICATION ....................................................................... 15

## TABLE OF AUTHORITIES

**Cases**

*Brandner v. Abbott Labs., Inc.*, No. 10 Civ. 3242, 2012 WL 27696
    (E.D. La. Jan. 5, 2012) ................................................................................... 15

*Breakstone v. Caterpillar, Inc.*, No. 09 Civ. 23324, 2010 WL 2164440
    (S.D. Fla. May 26, 2010) ............................................................................... 11

*Caputo v. Fauver*, 800 F. Supp. 168 (D.N.J. 1992) ...................................................... 8

*Clark v. McDonald's Corp.*, 213 F.R.D. 198 (D.N.J. 2003) .......................................... 8

*DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970) ...................................... 10

*Hovsepian v. Apple, Inc.*, Case No. 08 Civ. 5788, 2009 WL 5069144
    (N.D. Cal. Dec. 17, 2009) ............................................................................. 13

*Kelecseny v. Chevron, U.S.A., Inc.*, 262 F.R.D. 660 (S.D. Fla. 2009) ......................... 14

*Kohn v. American Housing Foundation, Inc.*, 178 F.R.D. 536
    (D. Colo. 1998) ............................................................................................... 2

*Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985) ......................................... 8

*Miller v. Motorola, Inc.*, 76 F.R.D. 516, 518 (N.D. Ill. 1977) ...................................... 8

*New York Marine and Gen. Ins. Co. v. Lafarge N. Am.*, 599 F.3d 102
    (2d Cir. 2010) ................................................................................................. 9

*Oshana v. Coca-Cola Co.*, 472 F.3d 506 (7th Cir. 2006) ............................... 11, 12, 13

*Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978 (N.D. Cal. 2009) .................................. 12

*Sanneman v. Chrysler Corp.*, 191 F.R.D. 441 (E.D. Pa. 2000) .................................. 14

*Schilling v. Kenton County, Kentucky*, Case No. 10 Civ. 143, 2011 WL 293759
    (E.D. Ky. Jan. 27, 2011) ............................................................................... 14

*Simon v. Am. Tel. & Tel. Corp.*, No. 99 Civ. 11641, 2001 WL 34135273
    (C.D. Cal. Jan. 26, 2001) ............................................................................. 15

*Smith v. Bayer Corp.*, 131 S.Ct. 2368 (2011) ......................................................... 1, 9

*Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128
(N.D. Cal. 2010)..........................................................................................13

*Tietsworth v. Sears*, 720 F. Supp. 2d 1123 (N.D. Cal. 2010) ..................................7, 11

*Walewski v. ZeniMax Media Inc.*, Case No. 11 Civ. 1178, 2012 WL 834125
(M.D. Fla. Jan. 30, 2012) ..................................................................3, 10, 14

*Walewski v. ZeniMax Media Inc.*, Case No. 11 Civ. 1178, 2012 WL 847236
(M.D. Fla. Mar. 13, 2012)...........................................................................5

*Weaver v. Chrysler Corp.*, 172 F.R.D. 96 (S.D.N.Y. 1997) .........................................11

*Wine Masters Cellars, LLLP v. Vinotemp Intern. Corp.*, Case No. 11 Civ. 00623,
2011 WL 2621537 (D. Colo. July 1, 2011) ......................................................9

*Wright v. Family Dollar, Inc.*, Case No. 10 Civ. 4410, 2010 WL 4962838
(N.D. Ill. Nov. 30, 2010)..............................................................................8

**Rules**

D.C. Colo. L. Civ. R. 7.l(A)..............................................................................16

Fed.R.Civ.P. 23(d)(1)(D) ..............................................................................1, 7

Defendants ZeniMax Media Inc. ("ZeniMax") and Bethesda Softworks LLC ("Bethesda" and collectively, "Defendants"), through their counsel and pursuant to Fed.R.Civ.P. 23(d)(1)(D), hereby submit their Motion to Strike Plaintiff's Class Allegations and Incorporated Memorandum of Law and respectfully request that this Court enter an order striking the class allegations set forth in Plaintiff Landis Edwards' ("Plaintiff") Complaint And Jury Demand ("Complaint") in their entirety.[1]  In support of their Motion, Defendants state as follows:

## INTRODUCTION

The United States District Court for the Middle District of Florida already has held that the allegations of Plaintiff's Complaint – a cut-and-paste copy of a four-count complaint filed by Plaintiff's counsel Edelson McGuire LLC in the dismissed related case of *Walewski v. ZeniMax Media Inc.*, Case No. 6:11-cv-1178-Orl-28DAB ("*Walewski*") – do not set forth an ascertainable class and that these allegations cannot be maintained on a class-wide basis.  Plaintiff's attempt to escape the *Walewski* court's holding by seeking to re-litigate this settled issue in a new jurisdiction with a new class representative is futile.  The Supreme Court, recognizing the threat of serial re-litigation following the denial of class certification, recently stated that it "would expect federal courts to apply principles of comity to each other's class certification decisions when addressing a common dispute."  *Smith v. Bayer Corp.*, 131 S.Ct. 2368, 2382 (2011).  This Court should follow the clear instruction of the Supreme Court and strike Plaintiff's class allegations in their entirety under the principles of comity.

---

[1] Defendants' Motion to Dismiss remains pending.  [Dkt. #5.]  Defendants do not waive any argument raised therein and respectfully submit this Motion to Strike Plaintiff's Class Allegations in advance of the Court's Scheduling/Planning Conference and the parties' pre-scheduling conference meeting to avoid unnecessary and burdensome discovery into class issues, as detailed *infra*.

1

This Court need not re-adjudicate the deficiencies of Plaintiff's class allegations – but should the Court be disposed to do so, the allegations of the Complaint establish that Plaintiff's putative class, like the putative class alleged in *Walewski*, is overbroad and unascertainable. Plaintiff's alleged class of all Colorado purchasers of *The Elder Scrolls IV: Oblivion®* ("*Oblivion*") improperly includes, for example: (i) members that did not experience the alleged programming glitch in *Oblivion* (the "Animation Defect"); (ii) members that have sustained no injury; and (iii) members that did not receive or did not rely on any alleged misrepresentation or omission. As the *Walewski* court observed, none of these putative class members have standing to maintain the counts set forth in the Complaint – and their improper inclusion renders Plaintiff's alleged class hopelessly overbroad and unascertainable. The extensive individualized inquiries required to determine whether an individual properly may be a member of the alleged class further preclude certification of a class in this case.[2] For at least these reasons, Defendants respectfully request that this Court strike Plaintiff's class allegations in their entirety.

## CLASS CERTFICATION WAS DENIED IN
## THE RELATED *WALEWSKI v. ZENIMAX MEDIA INC.* CASE

On July 18, 2011, Lawrence Walewski ("Walewski") filed a four count complaint against Defendants in the U.S. District Court for the Middle District of Florida. (*See* Exhibit A, *Walewski* Class Action Complaint.) Walewski's complaint alleged that *Oblivion* contains an inherent programming glitch that causes secondary animations in the game to cease functioning

---

[2] While not material to the Court's consideration of this Motion, these individualized inquiries further preclude a finding that common issues of law and fact predominate pursuant to Fed.R.Civ.P. 23(b) and refute Plaintiff's claim that his experiences with *Oblivion* are typical of any other *Oblivion* player under Fed.R.Civ.P. 23(a). *See Kohn v. American Housing Foundation, Inc.*, 178 F.R.D. 536, 541-42 (D. Colo. 1998) (denying class certification where individualized inquiries regarding causation and damages precluded a finding of predominance and stating that these "individual differences may well overwhelm typicality").

and requires a player to discontinue playing the game with that specific in-game character. Walewski asserted four counts against Defendants purportedly on behalf of a nationwide class of "all persons or entities residing in the United States who purchased any version" of *Oblivion*: (1) violation of the Maryland Deceptive Practice Act; (2) false advertising in violation of the Maryland Consumer Protection Act; (3) breach of the implied warranty of merchantability; and (4) restitution/unjust enrichment. *Id.* at ¶ 51.

The Local Rules of the Middle District of Florida required Walewski to file a motion for class certification no later than October 17, 2011. (*See* Exhibit B, Magistrate Judge Baker's Report and Recommendation dated January 30, 2012 at 1-2, detailing the factual background of *Walewski*.[3]) Walewski failed to timely move for class certification, and Defendants moved to strike Walewski's class allegations under the Local Rules. *Id.* Magistrate Judge Baker held that Walewski failed to show any good cause for his failure to timely seek class certification but declined to strike the class allegations, instead ordering that Walewski must immediately file his motion for class certification. *Id.* On November 16, 2011, Walewski filed a Motion for Class Certification seeking certification of the alleged class of:

> All persons or entities residing in the United States who purchased any version of the *Elder Scrolls IV: Oblivion* video game.

(*Id.*; *see also,* Ex. A at ¶ 51.)

On January 30, 2012, Magistrate Judge Baker issued a Report and Recommendation ("Report") recommending that the District Court deny Walewski's Motion for Class Certification in its entirety, holding that:

---

[3] *See Walewski v. ZeniMax Media Inc.*, Case No. 11 Civ. 1178, 2012 WL 834125 (M.D. Fla. Jan. 30, 2012) ("*Walewski I*").

> As stated, the proposed class includes all persons or "entities" nationwide, who purchased any version of the game, presumably from anyone, anywhere, at any time – whether or not they ever were injured by (or experienced) the alleged Animation Defect.  This overbroad definition is not limited in any way to persons who purchased *from Defendants*, and therefore presumably includes persons who purchased a copy of the game – new or used – from anyone else.  This definition is fraught with difficulties.

(Ex. B at 7 (italics in original).)

Among the litany of deficiencies in Walewski's alleged class definition identified by Magistrate Judge Baker, the Report found that Walewski's class definition was overbroad and not ascertainable because it included "members who have no cause of action as a matter of law," was "not limited in any way to persons who purchased *from Defendants*," impermissibly included purchasers not in privity with Defendants, and failed to "propose any method … to determine who is entitled to notice of the suit and who will be bound by any resulting judgment." *Id*. at 7-8 (italics in original).  The court further held that "[e]ven if the parties were able to identify all purchasers of the game from all sources, the popularity of the game, as described by the parties, makes it especially difficult to cull appropriate class members from the 'millions' of game owners, without extensive fact-finding."  *Id*. at 7.  For example:

> Under the definition … a video store which buys the second hand game from a consumer and resells it for more than it paid for it is included in the class, despite the fact that the entity itself never experienced the Animation Defect (as it never played the game) and did not suffer any loss.  Even with respect to individuals only, the definition is wanting … [f]or example, if a teenager purchases a used copy from his brother, he is a class member *even if he has no complaints about the game*, but if his brother *gives* him the same game as a gift, he is not a class member, *even if he experiences the Alleged Defect*.  Plaintiff fails to set forth a workable method for identifying which players and owners are correctly included within the class, and the Court cannot speculate on same.

*Id*. at 8 (italics in original).

4

Magistrate Judge Baker accordingly held that "the proposed class is not adequately defined and is unworkable for certification purposes" and that the Court need not further evaluate the merits of Walewski's Motion for Class Certification because "[t]he absence of a workable class definition defeats proper analysis of the required Rule 23 showing, as the Court cannot accurately evaluate any of the Rule 23(a) criteria (numerosity, commonality, typicality and adequacy of class representative) without it." *Id.* at 9. Magistrate Judge Baker accordingly recommended that the District Court deny Walewski's Motion for Class Certification in its entirety. *Id.* at 15.

Walewski objected to the Report's denial of his motion for class certification. On March 13, 2012, District Judge Antoon II – after conducting "an independent *de novo* review of the record" and considering Walewski's objections to Magistrate Judge Baker's Report – overruled Walewski's objections, stating that "[t]he Court agrees entirely with the findings of fact and conclusions of law in the Report and Recommendation." (*See* Exhibit C, Order dated March 13, 2012.[4]) Judge Antoon II accordingly denied Walewski's Motion for Class Certification, denied Walewski's request for leave to amend his class allegations, and dismissed Walewski's complaint without leave to amend. *Id.*

## THE ALLEGATIONS OF PLAINTIFF'S COMPLAINT ARE IDENTICAL IN ALL RELEVANT RESPECTS TO THE *WALEWSKI* COMPLAINT

Plaintiff's Complaint is identical to the *Walewski* Complaint in all relevant respects. First, the allegations regarding *Oblivion* and the alleged Animation Defect set forth in Plaintiff's Complaint are identical to the allegations set forth in the *Walewski* Complaint, including

---

[4] *See Walewski v. ZeniMax Media Inc.*, Case No. 11 Civ. 1178, 2012 WL 847236 (M.D. Fla. Mar. 13, 2012) ("*Walewski II*").

Plaintiff's allegations regarding: (i) *The Elder Scrolls* franchise (*compare* Compl. at ¶¶ 6-9 *with* Ex. A at ¶¶ 6-9); (ii) Defendants' alleged misrepresentations regarding the scope and gameplay of *Oblivion* (*compare* Compl. at ¶¶ 10-20 *with* Ex. A at ¶¶ 10-19); (iii) the existence and effect of the alleged Animation Defect (*compare* Compl. at ¶¶ 21-30 *with* Ex. A at ¶¶ 20-29); (iv) Defendants' purported knowledge of and inability to cure the alleged Animation Defect (*compare* Compl. at ¶¶ 31-38 *with* Ex. A at ¶¶ 30-37); and (v) the claimed harm to *Oblivion* purchasers (*compare* Compl. at ¶¶ 39-41 *with* Ex. A at ¶¶ 38-40).

Second, the alleged facts relating to each respective named plaintiff are identical, including each plaintiff's claim that he: (i) "viewed Defendants' advertisements and representations regarding the scope and longevity" of *Oblivion* "[p]rior to purchasing the *Oblivion* video game" (*compare* Compl. at ¶ 43 *with* Ex. A at ¶ 42); (ii) "was not aware" of the alleged Animation Defect "[p]rior to purchasing the *Oblivion* video game" and "would not have purchased" or "would have paid less money for the game" had he known of the alleged Animation Defect (*compare* Compl. at ¶¶ 44-45 *with* Ex. A at ¶¶ 43-44); (iii) allegedly "experienced numerous technical problems while playing the *Oblivion* video game" (*compare* Compl. at ¶ 47 *with* Ex. A at ¶ 46); (iv) "suddenly" experienced the alleged Animation Defect and that the defect allegedly "forced Plaintiff to abandon his saved game and forfeit his original character and progress in the game" (*compare* Compl. at ¶¶ 48-50 *with* Ex. A at ¶¶ 47-49); and (v) "no longer plays the *Oblivion* video game solely because of the Animation Defect" (*compare* Compl. at ¶ 51 *with* Ex. A at ¶ 50).

Third, the conclusory class allegations in each complaint are identical – with the sole exception that Plaintiff purports to represent a class of Colorado, not nationwide, purchasers of *Oblivion* (*compare* Compl. at ¶¶ 52-59 *with* Ex. A at ¶¶ 51-58).

Fourth, the causes of action are identical – both Plaintiff and Walewski assert four counts: (i) two counts of deceptive business practices in violation of state consumer protection statutes and common law based on Defendants' allegedly fraudulent misrepresentations and omissions (*compare* Compl. at Counts I and III *with* Ex. A at Counts I and II); (ii) breach of the implied warranty of merchantability (*compare* Compl. at Count II *with* Ex. A at Count III); and (iii) unjust enrichment (*compare* Compl. at Count IV *with* Ex. A at Count IV).

Fifth, the damages sought are identical – both Plaintiff and Walewski: (i) claim damages in the form of "the loss of monies paid to purchase the *Oblivion* video game, and/or the difference in value between an *Oblivion* video game with and without the Animation Defect" (*compare* Compl. at ¶¶ 67, 73, 81 *with* Ex. A at ¶¶ 66, 73, 79); (ii) allege that purchasers are further harmed "because the Animation Defect diminishes the resale value of the *Oblivion* video game on the secondary market" (*compare* Compl. at ¶ 41 *with* Ex. A at ¶ 40); and (iii) "seek[] the imposition of a constructive trust on and restitution of the proceeds Defendants received as a result of their conduct" (*compare* Compl. at ¶ 87 *with* Ex. A at ¶ 85).  There is no relevant difference between Plaintiff's Complaint and the *Walewski* Complaint.

### THE STANDARD ON A MOTION TO STRIKE CLASS ALLEGATIONS

Rule 23(d)(1)(D) provides that a court may "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly" and grants this Court the power to determine at this stage whether the case may be

maintained as a class action.  Fed.R.Civ.P. 23(d)(1)(D).  Under this rule, the Court "has authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained." *Tietsworth v. Sears, Roebuck & Co.*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010) (granting motion to strike because "the class as alleged … is not ascertainable").

A defendant accordingly "may move to strike class allegations prior to discovery" where it is clear "that the requirements for maintaining a class action cannot be met." *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 205 n. 3 (D.N.J. 2003) (*citing, inter alia, Miller v. Motorola, Inc.*, 76 F.R.D. 516, 518 (N.D. Ill. 1977) (granting motion to strike class allegations where "[i]t is clear that plaintiff's proposed class is overbroad for a variety of reasons which are based on undisputed facts")).  Rule 23 further empowers a district court to determine *sua sponte* whether a case may be maintained as a class action prior to a motion for class certification. *See, e.g., Caputo v. Fauver*, 800 F. Supp. 168, 169 (D.N.J. 1992) (holding that plaintiff "may not maintain this suit as a class action" where "[a]lthough Caputo never moved under Fed.R.Civ.P. 23(c)(1) for class certification, this court has an independent obligation to determine whether this action can be maintained on a class basis").  Class allegations should be stricken where "the pleadings are facially defective and definitively establish that a class action cannot be maintained." *Wright v. Family Dollar, Inc.*, Case No. 10 Civ. 4410, 2010 WL 4962838, at *1 (N.D. Ill. Nov. 30, 2010) (granting motion to strike class allegations over plaintiff's request for discovery because "when the defendant advances a legal argument based on the pleadings, discovery is not necessary for the court to evaluate whether a class action may be maintained").[5]

---

[5] Discovery regarding class issues would be futile as a matter of fact and unwarranted as a matter of law. *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985) ("Although in some cases a district court should allow discovery to aid the determination of whether a class action is

## ARGUMENT

### I.       The Principles Of Comity Mandate Striking Plaintiff's Class Allegations

The Middle District of Florida already has held that Plaintiff's allegations – which repeat verbatim the allegations in *Walewski* – do not set forth an ascertainable class and that Plaintiff's claims cannot be maintained on a class-wide basis.  The principles of comity preclude Plaintiff from now seeking to re-litigate the settled class certification issue in this case.  The Supreme Court recently held that while a Defendant must rely on the principles of non-party preclusion to defend serial re-litigation of the issue of class certification, it "would expect federal courts to apply principles of comity to each other's class certification decisions when addressing a common dispute."  *Smith v. Bayer Corp.*, 131 S.Ct. 2368, 2382 (2011) (stating that Congress "address[ed] the relitigation concerns associated with class actions through the mechanism of removal" set forth in the Class Action Fairness Act, 28 U.S.C. § 1332(d), which allows federal courts to follow the principles of *stare decisis* and comity).  This Court similarly has held that the principles of "comity and judicial economy" caution that "'two federal courts should not be adjudicating the same issues.'"  *Wine Masters Cellars, LLLP v. Vinotemp Intern. Corp.*, Case No. 11 Civ. 00623-WYD-KLM, 2011 WL 2621537, at *5 (D. Colo. July 1, 2011) (deferring to the United States District Court for the Central District of California to decide the issue of venue) (*quoting New York Marine and Gen. Ins. Co. v. Lafarge N. Am.*, 599 F.3d 102, 113 n. 4 (2d Cir. 2010)).  This Court need not and should not re-adjudicate the Middle District of Florida's proper

maintainable, the plaintiff bears the burden or advancing a prima facie showing that the class action requirements of Fed.R.Civ.P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations.  Absent such a showing, a trial court's refusal to allow class discovery is not an abuse of discretion.").  Discovery cannot salvage Plaintiff's deficient class allegations.

ruling that the allegations set forth in Plaintiff's Complaint do not set forth an ascertainable class. The Supreme Court's instruction in *Smith v. Bayer Corp.* and the principles of comity mandate the striking of Plaintiff's class allegations in this case.

## II.       Plaintiff's Complaint Fails To Allege An Ascertainable Class

This Court – should the Court be disposed to evaluate the adequacy of Plaintiff's class definition anew – should strike Plaintiff's class allegations because Plaintiff's Complaint fails to set forth an ascertainable class.  "It is elementary that in order to maintain a class action, the class sought to be represented must be adequately defined and reasonable ascertainable." *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970) ("A precise definition is essential to identify those entitled to notice and those bound by a judgment[;]" holding that alleged class of "residents of this state active in the 'peace movement'" was not adequately defined and not ascertainable).  Plaintiff's alleged class definition – like the alleged class in *Walewski* – improperly includes putative members without standing to maintain a claim, including purchasers who have not been injured and purchasers who neither received nor relied upon the alleged misrepresentations and omissions, and further would require individualized factual determinations to determine membership in the class.  Plaintiff's facially deficient class allegations should be stricken in their entirety.

### A.       The Alleged Class Improperly Includes Members Who Have No Cause of Action as a Matter of Law.

Plaintiff's alleged class of "all purchasers" residing in the State of Colorado cannot be certified because the class necessarily includes members that cannot maintain a claim against Defendants as a matter of law.  Plaintiff's putative class necessarily includes – in fact, likely is predominated by – purchasers that have never experienced the alleged Animation Defect, have

10

sustained no injury, and do not have standing to maintain a cause of action.  *Walewski I* at *4 (holding that plaintiff's alleged class definition improperly included all purchasers of the *Oblivion* video game "at any time – whether or not they ever were injured by (or experienced) the alleged Animation Defect").

Courts around the country hold that an alleged class of product purchasers cannot be certified where such class includes putative members that have not experienced the alleged deficiency in the product because those putative members have not sustained any injury and have no standing to maintain a claim.  *Breakstone v. Caterpillar, Inc.*, Case No. 09 Civ. 23324, 2010 WL 2164440, at *6 (S.D. Fla. May 26, 2010) ("it is inappropriate to certify a class containing both individuals who have 'manifested a deficiency' and those whose product has 'performed satisfactorily' since the injuries of the punitive class members with no manifest injury" are speculative) (*citing Weaver v. Chrysler Corp.*, 172 F.R.D. 96, 99 (S.D.N.Y. 1997) ("[i]t is well established that purchasers of an allegedly defective product have no legally recognizable claim where the alleged defect has not manifested itself in the product they own"); *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1147-48 (N.D. Cal. 2010) (proposed class of "all California residents and entities who purchased" allegedly defective washing machine was unascertainable because the class definition "include[d] members who have not experienced any problems with their Machines' Electronic Control Boards – or for that matter with any other part of the machine" because "such members have no injury and no standing to sue") (internal quotation omitted).

Plaintiff's overbroad alleged class of all Colorado purchasers of *Oblivion* further improperly includes purchasers that did not receive Defendants' alleged misrepresentations or were not deceived by the alleged misrepresentations or omissions.  For example, Plaintiff's

alleged class includes purchasers who had knowledge of the alleged Animation Defect prior to purchasing *Oblivion* and nonetheless purchased the game.  These purchasers were not deceived as a matter of law and do not have standing to assert the counts set forth in the Complaint. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 514-14 (7th Cir. 2006) (alleged class of all purchasers in statutory consumer fraud action claiming that defendant misrepresented ingredients in its fountain diet soda was not ascertainable because the proposed class included persons who did not rely on or did not care about the alleged misrepresentations when buying the soda); *Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978, 991 (N.D. Cal. 2009) (granting motion to strike class allegations where "the class definition includes all persons within the United States who own a 20-inch Aluminum iMac" because "[t]his definition necessarily includes individuals who did not purchase their 20-inch Aluminum iMac, individuals who either did not see or were not deceived by advertisements, and individuals who suffered not damages" and "[s]uch individuals would lack standing to bring these claims").

The Seventh Circuit's holding that a similar "all purchasers" class was not ascertainable in *Oshana v. Coca-Cola Co.* is instructive.  472 F.3d 506 (7th Cir. 2006).  In *Oshana*, the plaintiffs alleged that Coca-Cola failed to disclose that fountain Diet Coke contained saccharin and sought certification of a class of all purchasers of Diet Coke during a five year period.  472 F.3d at 509.  The Seventh Circuit held that plaintiffs could not satisfy the requirements for class treatment because "[s]uch a class could include millions who were not deceived and thus have no grievance."  *Id.* at 514.  The court further stated that, given the large sales figures for Diet Coke, the class was likely to contain members who had purchased Diet Coke because it contained saccharin, some who purchased it although it contained saccharin, and some who did not care

whether or not it contained saccharin.  *Id.*  As a result, "[c]ountless members of Oshana's

putative class could not show any damage, let alone damage proximately caused by Coke's

alleged deception."  *Id.*  The court held that these class members lacked Article III standing and

the alleged class was therefore not ascertainable and could not be certified.  *Id.*

      Plaintiff's alleged class similarly includes putative members that never received or relied

upon the alleged misrepresentations, did not care whether *Oblivion* contained the alleged

Animation Defect, or never experienced the alleged Animation Defect.  None of these putative

class members have standing to maintain the claims asserted in this case.  *Id.*; *Stearns v. Select*

*Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1152 (N.D. Cal. 2010) (granting motion to strike

class allegations because the alleged "class does not exclude persons who already have received

refunds or replacement parts or who have not suffered any damages at all" and improperly

included persons who never experienced the alleged product defect because "'such members

have no injury and no standing to sue'") (*quoting Hovsepian v. Apple, Inc.*, Case No. 08 Civ.

5788, 2009 WL 5069144, at *6 (N.D. Cal. Dec. 17, 2009) (granting motion to strike class

allegations where the putative class "includes members who can have no claim against Apple,"

including, "[f]or example … members who (a) did not purchase the particular iMac model or

type of iMac screen [alleged to be] defective and (b) experienced the alleged defect after their

warranty expired")).  Plaintiff's class allegations accordingly should be stricken.  *Sanders v.*

*Apple, Inc.*, 672 F. Supp. 2d at 991 (granting motion to strike class allegations where "the class

definition includes all persons within the United States who own a 20-inch Aluminum iMac"

because "[t]his definition necessarily includes individuals who did not purchase their 20-inch

Aluminum iMac, individuals who either did not see or were not deceived by advertisements, and

individuals who suffered not damages" and "[s]uch individuals would lack standing to bring

these claims").

<b>B.    Determination of Membership in the Alleged Class Would Require<br>Impermissible Individualized Findings of Fact.</b>

Ascertainment of members of Plaintiff's putative class is impossible without individual

fact-finding that precludes certification of the alleged class.  *Walewski I* at *5 ("Even if the

parties were able to identify all purchasers of the game from all sources, the popularity of the

game, as described by the parties, makes it especially difficult to cull appropriate class members

from the 'millions' of game owners, without extensive fact-finding").  To determine whether any

individual purchaser has standing to maintain a claim and could be included in Plaintiff's alleged

"all purchasers" class, the Court at a minimum would be required to determine whether each

putative class member: (i) purchased *Oblivion*; (ii) received and relied upon the alleged

misrepresentations or omissions; (iii) played *Oblivion*; and (iv) experienced the alleged

Animation Defect.  *Id*. at *4-5.

These substantial individualized inquiries required to determine class membership

preclude certification of any class in this case and warrant striking Plaintiff's class allegations.

*Kelecseny v. Chevron, U.S.A., Inc.*, 262 F.R.D. 660, 668 (S.D. Fla. 2009) (denying class

certification where "[s]imply to determine whether certain individuals may be in the class,

detailed individual inquiry is required") (*citing Sanneman v. Chrysler Corp.*, 191 F.R.D. 441,

446 (E.D. Pa. 2000) ("[b]ecause it would be impossible to definitively identify class members

prior to individualized fact-finding and litigation, the proposed classes and sub-class fail to

satisfy one of the basic requirements for a class action under Rule 23 of the Federal Rules of

Civil Procedure")); *Schilling v. Kenton County, Kentucky*, Case No. 10 Civ. 143, 2011 WL

14

293759, at *6-7 (E.D. Ky. Jan. 27, 2011) (granting motion to strike class allegations and holding that "Plaintiff's proposed class definition is flawed because the Court cannot determine its individual members without reviewing the evidence relative to each [member]").

Finally, even if a class of purchasers presently was ascertainable, sales of *Oblivion* continue – rendering Plaintiff's overbroad alleged class of "all purchasers" further unascertainable because membership in the class (which necessarily includes all future unidentified purchasers of *Oblivion*) would be in constant flux. *Brandner v. Abbott Labs., Inc.*, Case No. 10 Civ. 3242, 2012 WL 27696, at *4 (E.D. La. Jan. 5, 2012) (denying motion for leave to amend class definition, holding that a proposed class of "future purchasers is not 'clearly ascertainable'" and "because the membership would constantly change depending on who purchased [the product], at no point could the class become ascertainable") (*citing, inter alia, Simon v. Am. Tel. & Tel. Corp.*, Case No. 99 Civ. 11641, 2001 WL 34135273, at *3 (C.D. Cal. Jan. 26, 2001) (a proposed class that included future purchasers is not ascertainable because by "its very nature, a class definition that includes members not presently aggrieved is imprecise")).

## CONCLUSION

For at least the foregoing reasons, Defendants respectfully request that this Court strike the class allegations set forth in Plaintiff Landis Edwards' Complaint And Jury Demand in their entirety.

## LOCAL RULE 7.1(A) CERTIFICATION

Defendants certify that, pursuant to D.C. Colo. L. Civ. R. 7.l(A), Defendants' counsel conferred with Plaintiff's counsel regarding the grounds for this motion and the relief requested herein on March 29, 2012. Plaintiff's counsel opposes the relief requested herein.

Dated: March 30, 2012

Respectfully submitted,

s/ John T. Williams
HINKHOUSE WILLIAMS WALSH LLP
John T. Williams
Jason H. Nash
180 N. Stetson Avenue, Suite 3400
Chicago, Illinois  60601
Telephone: (312) 784-5400
Facsimile: (312) 784-5499
jwilliams@hww-law.com
jnash@hww-law.com

George H. Parker
THE LAW OFFICE OF GEORGE H. PARKER
1801 Broadway, Ste. 1500
Denver, Colorado 80202
Telephone: (303) 291-7904
Facsimile: (303) 291-7977
george.parker@zurichna.com

***Attorneys For Defendants ZeniMax Media Inc.
and Bethesda Softworks LLC***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Motion to Strike Plaintiff's Class Allegations and Incorporated Memorandum of Law was served upon the following counsel of record by electronic mail through the Court's CM/ECF system on March 30, 2012:

      Steven L. Woodrow
      Edelson McGuire LLC
      999 W. 18th Street, Suite 3000
      Denver, Colorado 80202

      *Attorney for Plaintiff*

                s/ George H. Parker_____
                HINKHOUSE WILLIAMS WALSH LLP
                John T. Williams
                Jason H. Nash
                180 N. Stetson Avenue, Suite 3400
                Chicago, Illinois  60601
                Telephone: (312) 784-5400
                Facsimile: (312) 784-5499
                jwilliams@hww-law.com
                jnash@hww-law.com

                George H. Parker
                THE LAW OFFICE OF GEORGE H. PARKER
                1801 Broadway, Ste. 1500
                Denver, Colorado 80202
                Telephone: (303) 291-7904
                Facsimile: (303) 291-7977
                george.parker@zurichna.com

                *Attorneys For Defendants ZeniMax Media Inc.*
                *and Bethesda Softworks LLC*

4846-9769-6270, v. 1