IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00411-WYD-KLM

LANDIS EDWARDS, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

ZENIMAX MEDIA, INC., a Delaware corporation, and
BETHESDA SOFTWORKS, LLC, a Delaware limited liability company,

    Defendants.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendants' Motion to Stay Discovery and Incorporated Memorandum of Law and Request for Expedited Hearing** [Docket No. 24; Filed April 25, 2012] (the "Motion"). On April 26, 2012, the Court ordered expedited briefing on the Motion [#26]. Plaintiff filed a Response in opposition to the Motion on May 8, 2012 [#28], and Defendants submitted a Reply on May 14, 2012 [#29]. The Motion is thus ripe for review.

## I.     Background

This matter is a putative class action lawsuit concerning an alleged defect in a video game titled *The Elder Scrolls IV: Oblivion. See Compl.*, [#3] at 2. In brief, Plaintiff contends that the alleged defect causes the game to shut down prematurely, thereby "significantly decreas[ing] the value of the *Oblivion* video game to consumers." *Id.* at 7. The Complaint contains class allegations, and asserts violations of the Colorado Consumer Protection Act, breach of the implied warranty of merchantability, fraud by omission, and unjust

enrichment.  *See* [#3].

Defendants removed this action from Denver County District Court on February 16, 2012, on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(d).  *See* [#1].  On the same date, Defendants responded to the Complaint with a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and (6).  [#5].  Defendants additionally filed a Motion to Strike Plaintiff's Class Allegations on March 30, 2012.  [#16].  Both motions are fully briefed and pending before the District Judge.

This Court held a Scheduling Conference on April 24, 2012, and entered a case management schedule.[1]  *See* [## 22, 23].  Defendants filed the Motion at issue on the following date.  [#24].  Defendants inform the Court that Plaintiff has served "voluminous" written discovery requests, which Defendants believe implicate "potentially dozens of terabytes of electronically stored information housed in several storage systems and include Defendants' highly confidential and proprietary trade secret software, data and information."  *Id.* at 4.  Defendants further explain that the instant lawsuit is "a carbon copy" of a lawsuit filed against the same defendants in the Middle District of Florida, in which the plaintiff's request for class certification was denied.  *Id.* at 1-2.  Defendants ask the Court to enter an order staying discovery pending the District Judge's resolution of Defendants' Motion to Dismiss and Motion to Strike.  *Id.* at 1.  Plaintiff opposes entry of a stay.  *See* [#28].

---

[1] Plaintiff contends that Defendants did not comply with D.C.COLO.LCivR 7.1A. before filing the instant Motion; however, Defendants indicated their intent to request a stay at the Scheduling Conference, and this intent is also reflected in the language stricken from the proposed Scheduling Order.  *See Sched. Ord.*, [#23] at 8-9.  Thus, the Court finds the declaration attached to Plaintiff's Response disingenuous, as the declarant represents that defense counsel "did not inform Plaintiff's counsel that Defendants intended to move to stay discovery."  *See* [#28-1] at 3.

2

**II.    Analysis**

Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending. *Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (unreported decision) ("A stay of all discovery is generally disfavored in this District." (citation omitted)). *See also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-CV-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action.").

Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties. *See, e.g.*, *Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (same); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir.1992) (same); *see also Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is

pending); *cf. Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir.2005) (finding stay permissible pending ruling on dispositive motion involving jurisdictional issue); *Enplaner, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir.1994) (same).

When exercising its discretion in evaluating a request for a stay of discovery, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (unreported decision)). Here, the factors weigh in favor of staying discovery.

### 1)    Plaintiff's Interest

Plaintiff contends that he would be significantly prejudiced by a delay of discovery, because of "stale or missing evidence, unavailable and destroyed documents, increasingly unavailable or uninformed witnesses, and unmanageably short discovery deadlines." [#28] at 10. Further, Plaintiff explains that the video game in dispute was issued in 2006, and Defendants are in the process of producing new versions. *Id.* Thus, Plaintiff believes that it will be more difficult to discover information related to the earlier versions as time passes. *Id.*

Defendants counter, stating that a delay of discovery to resolve the issues in the two pending motions "will not materially impact the availability or quality of evidence in this case given the six year delay between the release of *Oblivion* and the filing of the Complaint." [#29] at 5. In any event, Defendants attest that they have instituted a litigation hold to

4

preserve evidence. *Id.* Defendants emphasize that their burden outweighs any prejudice potentially suffered by Plaintiff. *Id.* at 6.

The Court is persuaded by Defendants' position. It is true that Plaintiff has a general interest in his case proceeding expeditiously, as do virtually all plaintiffs. However, Plaintiff allowed six years to pass between the issuance of the disputed video game and the filing of the instant action, thereby casting doubt on his assertion of significant prejudice from what would be a proportionately brief delay in discovery. Further, the Court recognizes Defendants' representation that a litigation hold has been implemented, as well as the law governing spoliation issues generally, which should alleviate Plaintiff's concerns regarding the diminishment of relevant discovery arising from production of new versions of the game. Thus, the Court finds that this factor weighs in favor of a stay of discovery.

### 2) Defendants' Burden

Plaintiff characterizes Defendants' assertion of burden as simply incidental to that incurred by participation in complex civil litigation. [#28] at 11. Defendants claim that the burden of litigation is increased in this matter, because Plaintiff is seeking "premature class-wide discovery." [#29] at 4.

While Plaintiff is correct that the ordinary burdens associated with litigating a case do not constitute undue burden, *see Collins v. Ace Mortgage Funding, LLC*, 08-cv-1709-REB-KLM, 2008 WL 4457850, at *1 (D. Colo. Oct. 1, 2008), complying with Plaintiff's discovery requests would impose on Defendants more than the ordinary burdens of litigation. Plaintiff seeks discovery regarding his class action claims, which involve "[a]ll persons or entities residing in the State of Colorado who purchased any version of the *Elder Scrolls IV: Oblivion* video game." [#3] at 9. Discovery as to those claims is likely to be significant, as further evidenced by the extent of Plaintiff's first set of written discovery

requests. *See* [#24-1] (interrogatories); [#24-2] (requests for production).

Additionally, Defendants challenge the exercise of personal jurisdiction in this matter, which may be dispositive as to all asserted claims on jurisdictional grounds. *See* [#5]. And, another District Court has rejected Plaintiff's class action allegations in a similar case. *See Walewski v. ZeniMax Media, Inc.*, No. 6:11-cv-1178-Orl-28DAB, 2012 WL 834125 (M.D. Fla. Jan. 30, 2012) (recommending denial of motion for class certification, and recommending dismissal of case), *adopted by* 2012 WL 847236 (M.D. Fla. Mar. 13, 2012). For these reasons, the requested discovery may ultimately be useless and a waste of the parties' time and resources. *See Stone v. Vail Resorts Dev. Co.*, No. 09-cv-02081-WYD-KLM, 2010 WL 148278, at *2 (D. Colo. Jan 7, 2010) (citing *Schmaltz v. Smithkline Beecham Corp.*, No. 08-cv-00119-WDM-MEH, 2008 WL 3845260, at *1-2 (D. Colo. Aug. 15, 2008) (staying discovery only as to class claims upon finding that Defendant "demonstrated that significant discovery may be necessary for class claims that would otherwise be irrelevant")). Thus, the second factor also favors entry of a stay.

**3)   Convenience to the Court**

Plaintiff argues that the Court would be better served by denying Defendants' request for a stay, because it "has already held a scheduling conference, issued a comprehensive scheduling order, and instructed the [p]arties to commence discovery immediately." [#28] at 15. Plaintiff believes that the two pending motions are unlikely to be dispositive of his claims, thus the Court will have to enter a new schedule, if discovery is now stayed. *Id.* Defendants, on the other hand, point to case law from this District stating that "it is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed." [#29] at 6 (citation omitted).

6

The Court can be inconvenienced by an ill-advised stay, as the resulting delay makes the Court's docket less predictable and, hence, less manageable.  A stay may be particularly inconvenient for the Court when it is tied to a pending motion for which ultimate success is not guaranteed.  *Stone*, 2010 WL 148278 at *3.  Where a pending motion may dispose of an action, however, a stay of discovery may allow the Court to avoid expending resources in managing an action that ultimately will be dismissed.  *See id.*  Thus, despite this District's general policy disfavoring a complete stay of proceedings, a stay may be appropriate if resolution of a preliminary motion may dispose of the entire action.  *Id.* (quotation and citation omitted); *see also Namoko v. Milgard Mfg., Inc.*, No. 06-cv-02031-WDM-MEH, 2007 WL 1063564, at *1 (D. Colo. April 6, 2007) (noting that stay appropriate where dispositive motion filed that might resolve entire case and "stay does not unduly prejudice the opposing party").

Here, it is not clear whether the pending motions will dispose of the entire action.  The Court takes no position as to the merits of the motions, except to note the existence of a decision from the Middle District of Florida denying a similar plaintiff's motion for class certification as to the same video game and against the same defendants.  Further, the Court notes that personal jurisdiction is necessary for the Court to entertain claims against a party, and the absence of personal jurisdiction results in the dismissal of the affected party without prejudice, as noted in Defendants' Motion to Dismiss.  It is clear that should the pending motions be granted, this Court will have expended resources managing a complex class action suit unnecessarily in the absence of a stay.  *See Stone*, 2010 WL 148278 at *3.  Thus, the third factor concerning the Court's interest in judicial economy weighs in favor of granting the stay.

### 4) Nonparties' Interests

Plaintiff asserts that the putative class action members who are not yet parties to this lawsuit maintain an interest in "Plaintiff expeditiously pursuing his claims." [#28] at 16. Defendants counter, stating that potential class members' "marginal" interests are identical to those of Plaintiff. [#29] at 7. Therefore, as the interests of Plaintiff in pursuing the prosecution of his case are outweighed by the burden articulated by Defendants, likewise does the same burden outweigh any interest asserted by potential class action members. *See id.* The Court agrees, and finds that this factor favors staying discovery.

### 5) The Public's Interest

Plaintiff avers that the public interest favors prompt resolution of lawsuits, which in turn, favors denial of a stay. [#28] at 16. On the other hand, Defendants contend that the conservation of resources by the Court and the parties is preferable. [#29] at 8. As both statements are true, the Court finds that this factor weighs neither for nor against the entry of a stay in this matter.

Balancing the five factors here considered, the Court concludes that a stay of discovery is appropriate. The burden on Defendants of proceeding in discovery in this putative class action lawsuit while potentially fully dispositive motions are pending outweighs Plaintiff's interest in proceeding expeditiously with his case. Therefore, in the Court's discretion, *see Stone*, 2012 WL 148278 at *4 (citation omitted), the Court grants Defendants' Motion and enters a stay of discovery.

## III.   Conclusion

IT IS HEREBY **ORDERED** that Defendants' Motion to Stay Discovery and Incorporated Memorandum of Law and Request for Expedited Hearing [#24] is **GRANTED**.

IT IS FURTHER **ORDERED** that discovery is **STAYED** pending the resolution of Defendants' Motion to Dismiss [#5] and Motion to Strike [#16].

IT IS FURTHER **ORDERED** that Defendants' responses to Plaintiff's written discovery requests shall be due, if at all, *thirty days* after the denial of Defendants' Motion to Dismiss [#5] and Motion to Strike [#16].

Dated: May 17, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge